UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------X
Margie Campbell, Prentiss Campbell

                Plaintiffs,                            **COMPLAINT AND**
                                                               **JURY DEMAND**

           -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICERS JOHN DOE # 1 to approximately # 10, the names being
fictitious, presently unknown, in their individual and official capacities as
employees of the New York City Police Department,
                                 Defendants.
------------------------------------------------------------------------------------------------X

       The Plaintiffs, by their attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, allege the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities.  Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiffs request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because defendants NEW YORK CITY POLICE OFFICERS JOHN DOE 1-10, have their Precincts within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4.      Plaintiffs at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

11. According to information and belief, at the time of this incident Plaintiff Prentiss Campbell was a fully employed 30 years old man and has no criminal record; Margie Campbell, his mother, was 55 years old and also has no criminal record.

12. On 13 January 2011 at approximately 8:30pm, Plaintiffs were in their home at 141 Norway Ave 6E, Staten Island, NY, a residential apartment, when without cause or justification or permission defendant Police Officers forcibly broke down the front door of their apartment, and entered, yelling and screaming, with handguns drawn. They pointed their guns at Plaintiffs and continued yelling, using profanity and swearing at Plaintiffs.

13. Defendant Officers forcibly detained Plaintiffs by throwing them to the floor, handcuffing them behind their backs, and placing them under arrest.

14. Plaintiffs demanded an explanation and to see a warrant, and defendants refused and then without cause or justification proceeded to search Plaintiffs.

15. Without cause or justification, defendants also conducted a search of the apartment.

16. Plaintiffs observed that defendants found no contraband in the apartment, nor on Plaintiffs.

17. Without cause or justification, defendants transported Plaintiffs to the local precinct and held them there overnight.

18. Without cause or justification while at the precinct, Plaintiffs were denied food and phone calls.

19. Without cause or justification, in the afternoon of 14 January 2011 Plaintiffs were transported to Central Booking.

20. Without cause or justification, Plaintiffs were denied phone calls at Central Booking.

21. Plaintiffs made approximately four court appearances before all charges against them were dismissed by the Richmond County DA under Dockets 2010RI000445 (Margie) and 446 (Prentiss).

22. Additionally Plaintiff Prentiss Campbell was suspended from work and lost wages as a result of this incident.

23. Additionally, prior to this incident, Police Officers had committed the same acts against Plaintiffs on 20 May 2010. In that case all charges were also dismissed, Plaintiffs filed complaints with the CCRB, and there is reason to believe that in the instant case defendants were acting out of revenge, with racial animus and malice.

24. Additionally Plaintiffs suffered humiliation, paranoia, anxiety, nightmares and sleeplessness due to the incident. Plaintiffs had already been traumatized in their home by the police within the last eight months, and this incident heightened their pain and suffering, caused them to feel unsafe in their own home, and resulted in public shame and embarrassment in their building and immediate community.

25. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiffs suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

**FIRST CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

26. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

27. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

28. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

29. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars.

**SECOND CAUSE OF ACTION**
(MUNICIPAL LIABILTY)

30. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

31. Defendant CITY OF NEW YORK is liable for the damages suffered by Plaintiffs as a result of the conduct of its employees, agents, and servants.

32. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

34. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

35. Defendant CITY OF NEW YORK has damaged Plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

36. Defendants subjected Plaintiffs to false arrest and false imprisonment.

37. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

38. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

39. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

40. That as a result of the foregoing, Plaintiffs have been deprived of the following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

41. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

42. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

43. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

44. That as a result of the foregoing, Plaintiffs have been deprived of the following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to

be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

45. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (ASSAULT)

46. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

47. That the Court has pendant jurisdiction of this claim.

48. That as a result of the foregoing, Defendants intentionally put Plaintiffs in fear and fright of imminent physical harm.

49. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS, in the amount of One Million ($1,000,000.00) Dollars.

## SIX CAUSE OF ACTION
### (BATTERY)

50. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

51. Defendants battered the Plaintiffs.

52. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

53. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

54. Defendants caused a false accusatory instrument to be filed against Plaintiffs.

55. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

56. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

57. Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiffs in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiffs' Causes of Action;

B.  Awarding Plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiffs' Causes of Action;

C.  Awarding Plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated:  9 January 2014
        New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiffs